Filed 9/20/23  P. v. Howard CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>KEISHUN VERNILL HOWARD,<br><br>    Defendant and Appellant. | B327529<br><br>(Los Angeles County<br>Super. Ct. No. A650427) |

APPEAL from an order of the Superior Court of Los Angeles County, Patrick Connolly, Judge.  Affirmed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

———————————————

We summarize only those facts relevant to our disposition of this appeal.

In 1989, a jury found defendant Keishun Vernill Howard guilty of second degree murder under Penal Code[2] section 187 for the 1988 killing of Cardaos White and found true the allegation under section 12022.5 that Howard personally used a firearm in the commission of the crime. (*People v. Howard* (Dec. 24, 2020, B303537) [nonpub. opn.] (*Howard III*).)[3] The trial court sentenced Howard to a prison term of 15 years to life, plus two years in prison for the section 12022.5 enhancement. (*Howard III*, *supra*, B303537.) On September 25, 1991, we affirmed the judgment of conviction in an unpublished opinion. (*Id.*)

On October 24, 2022, Howard filed a petition in pro per for resentencing pursuant to section 1170.95, wherein he requested appointment of counsel.[4] He claimed to have been incarcerated

---

[1] We resolve this case by memorandum opinion because it "raise[s] no substantial issues of law or fact . . . ." (Cal. Stds. Jud. Admin., § 8.1.)

[2] Undesignated statutory citations are to the Penal Code.

[3] We, sua sponte, take judicial notice of the procedural history recounted in *Howard III*. (Evid. Code, §§ 452, subd. (d), 459.)

[4] On June 30, 2022, section 1170.95 was renumbered, without substantive change, as section 1172.6. (See Stats. 2022, ch. 58, §§ 10, 47 [Assembly Bill No. 200, which renumbered § 1170.95 as § 1172.6, and provided that the statute took effect immediately on June 30, 2022]; *People v. Delgadillo* (2022)

since he was 16 and had no criminal record before the murder conviction at issue here.  Attached to Howard's petition is a "Witness Statement Declaration" on "Brown Investigations" letterhead, which appears to indicate that in October 2020, a witness to the crime told an investigator that:  (a) Howard and an "unknown male" who "was holding a black hand gun" were "standing side by side" at the crime scene just before the shooting; (b) the witness did not see "Howard with a gun during the incident"; and (c) although the witness apparently did not see who shot White, she did hear what "sounded like two guns . . . shooting, approximately 15 shots" shortly before White was injured.  The declaration purports to be signed by a T.B. and dated October 30, 2020.[5]  He also attached documents describing his positive behavior and courses of study while in prison.

Without appointing counsel, on November 14, 2022, the trial court summarily denied the petition.  In its minute order, the court stated Howard was "not entitled to relief as a matter of law" because:  "The appellate opinion affirming [Howard's] conviction and sentence reflects that [Howard] was the actual killer and was convicted of murder on a theory of being the direct perpetrator and not a theory of felony murder of any degree, or a

---

14 Cal.5th 216, 223, fn. 3 (*Delgadillo*) [noting that Assembly Bill No. 200 renumbered former § 1170.95 to § 1172.6 without any substantive change].)  Accordingly, all subsequent references are to section 1172.6.

[5]  T.B. is Howard's alleged victim of the attempted murder with malice aforethought count in the felony complaint and information that also charged Howard with White's murder.  The record does not reveal the resolution of the attempted murder count.

theory of natural and probable consequences."**6**  Howard timely appealed the order denying his petition.**7**  The record does not contain the jury instructions, verdict form, or any reporters' transcripts.

On May 19, 2023, we appointed counsel for Howard.  On June 13, 2023, Howard's appointed counsel filed a brief in which counsel identified no issues and asked us to "follow the procedures set forth in *People v. Delgadillo* (2022) 14 Cal.5th 216."  On July 26, 2023, Howard filed a supplemental brief.**8**  Howard attached the aforesaid "Witness Statement

---

**6** In its minute order, the trial court also rejected Howard's petition insofar as he sought habeas relief or a recall of his sentence pursuant to section 1170, subdivision (d).  Howard does not cogently argue on appeal that he was entitled to habeas relief or a recall of his sentence under section 1170, subdivision (d).  Accordingly, we do not address these aspects of the minute order further.  (See *People v. Evans* (2011) 200 Cal.App.4th 735, 756, fn. 12 (*Evans*) [declining to address an argument that a party failed to support adequately].)

**7** The appellate record is comprised of a 67-page clerk's transcript that contains only the felony complaint, the information, a probation officer's report, a minute order from Howard's sentencing hearing, Howard's instant petition for resentencing, a minute order assigning the petition to a department of the trial court, the trial court's order denying the petition, Howard's notice of appeal, and certificates from the trial court clerk.

**8** In his supplemental brief, Howard requests the appointment of a new attorney on the ground that his current appellate counsel is "ineffective."  Because Howard does not support any such purported right to new counsel with case

4

Declaration" to his supplemental brief, and argues this document shows that a "witness who[se] testimony in trial got [him] a guilty verdict because she testified [that Howard] had a gun and . . . was an active shooter as well . . . . finally [told] the truth 30 plus years later [in a] signed declaration."

As a general rule, when, as here, a defendant appeals from the denial of postconviction relief and appointed counsel files a brief raising no issues, we do not review the record independently to determine whether there are any arguable issues on appeal. (See *Delgadillo*, *supra*, 14 Cal.5th at pp. 224–226.)

The trial court summarily denied Howard's section 1172.6 petition on the ground that our prior opinion affirming the judgment demonstrated he was "not entitled to relief as a matter of law . . . ." Our Supreme Court has held if a petitioner requests appointment of counsel, then the trial court may "consider the record of conviction to determine whether 'the petitioner makes a prima facie showing that he or she is entitled to relief[,]' [citation]," "only *after* the appointment of counsel and the opportunity for briefing . . . ." (See *People v. Lewis* (2021) 11 Cal.5th 952, 957, 962, 968 (*Lewis*).) Howard requested appointment of counsel; the trial court summarily denied his petition without appointment of counsel and briefing. In doing so, the trial court erred.[9]

---

authority or cogent argument, we do not address his contention further. (See *Evans*, *supra*, 200 Cal.App.4th at p. 756, fn. 12.)

[9] Although *Lewis* recognized that a trial court may summarily deny certain "noncomplying petition[s] 'without prejudice[,]' [citation]," (see *Lewis*, *supra*, 11 Cal.5th at p. 962), the trial court did not purport to exercise that authority here.

5

The question is whether this error was prejudicial under the state law standard of prejudice in *People v. Watson* (1956) 46 Cal.2d 818 (*Watson*).  (See *Lewis*, *supra*, 11 Cal.5th at pp. 973–974.)  Under that standard, "a petitioner 'whose petition is denied before an order to show cause issues has the burden of showing "it is reasonably probable that if [he or she] had been afforded assistance of counsel his [or her] petition would not have been summarily denied without an evidentiary hearing." ' [Citation.]" (*Lewis*, at p. 974.)  Howard fails to make this showing.

In his supplemental brief, Howard does not argue he was convicted of second degree murder under a "theory under which malice is imputed to a person based solely on that person's participation in a crime," which is an essential element of a successful section 1172.6 petition.  (See § 1172.6, subd. (a); see *id.*, subd. (b)(1)(A) [indicating that "all the requirements of subdivision (a)" must be shown to establish "that the petitioner is eligible for relief under this section"].)  He does not contend the prosecution argued an invalid murder theory at trial, or that the trial court's instructions or verdict form allowed the jury to convict him under such a theory.  The felony complaint and criminal information charged Howard only with the malice aforethought murder of White and does not allege anyone else participated in White's killing or any underlying other felony committed in connection with White's killing.  Instead, it seems Howard is contending the "Witness Statement Declaration" shows the jury erroneously found he was the person who shot White.  Similarly, Howard asserts in his petition that he "was wrongfully convicted," and that he was arrested and charged with the murder "just because" he was "at the scene of the crime" and "the police never got the actual [ ]shooter."  Because Howard fails

6

to establish that the trial court's summary denial of his petition without first appointing counsel and allowing the parties to brief the petition was prejudicial, we affirm the trial court's order denying his resentencing petition.

## DISPOSITION

The trial court's November 14, 2022 order denying defendant Keishun Vernill Howard's petition for resentencing is affirmed.

<u>NOT TO BE PUBLISHED.</u>


BENDIX, J.


We concur:



ROTHSCHILD, P. J.



CHANEY, J.